NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3502-18T3

RIALTO-CAPITOL
CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff-Appellant,

v.

BALDWIN ASSETS ASSOCIATES
URBAN RENEWAL COMPANY,
LLC; THE RIALTO-CAPITOL
URBAN RENEWAL COMPANY,
LLC; METRO ASSETT II, LLC;
METROVEST EQUITIES, INC.;
GEORGE FILOPOULOS,
PATRICIA FILOPOULOS, PHILIP
FIERRO, ISMAEL LEYVA
ARCHITECTS, PC, GOLDSTEIN
ASSOCIATES, PLLC a/k/a GACE
CONSULTING ENGINEERS,
PC, TURNER CONSTRUCTION
COMPANY, COMMODORE
CONSTRUCTION CORP.,
WATERPROOFING SYSTEMS
NORTHEAST, LLC, SPERANZA
BRICKWORK, INC., BEDROC
CONTRACTING, ERC CLASSIC
RESTORATION, LLC, JOVIN DEMO,
AGD CONSTRUCTION, and CCC
RESTORATION, INC.,
THOMAS McGINTY, AIA d/b/a
MADONNA DESIGNS, DAVIDSON
& HOWARD, INC., SCHNELLBACHER-

> **APPROVED FOR PUBLICATION**
>
> **October 2, 2020**
>
> **APPELLATE DIVISION**

SENDON GROUP, LLC, ZAKALAK
ASSOCIATES, COMPONENT
ASSEMBLY SYSTEMS, INC., B.J.
McGLONE & COMPANY, and
SKYLINE WINDOWS, LLC,
LPL CONTRACTING CORP.,
METROVEST CONSTRUCTION
CORP., MIDWEST MECHANICAL
CONTRACTORS OF NEW JERSEY,
INC., JERSEY STATE ENERGY
CONTROLS, INC., NATIONAL
AIR BALANCE COMPANY, INC.,
J&J LIMITED, INDEPENDENT
SHEET METAL CO., LKU GROUP,
INC., VECTOR STRUCTURAL
PRESERVATION CORP.,
ENVIRONMENTAL HEALTH
INVESTIGATIONS, INC., GUZMAN
GENERAL CONSTRUCTION, GTC
RESTORATION, INC., and IGH
RESTORATION,

 Defendants,

and

ISRAEL BERGER & ASSOCIATES,
INC., WINDSTRUCT, INC., CHAMPION
ALUMINUM CORP., d/b/a CHAMPION
WINDOW AND DOOR and NGU, INC.
d/b/a CHAMPION ARCHITECTURAL
WINDOW AND DOOR,

 Defendants-Respondents,
_____

TURNER CONSTRUCTION
COMPANY,

A-3502-18T3

Third-Party Plaintiff,

v.

MIDWEST MECHANICAL
CONTRACTORS OF NEW JERSEY,
INC., SKYLINE WINDOWS, LLC,
DAVISON & HOWARD, DEL TURCO
BROTHERS, INC., S.A. COMUNALE,
STAR-LO ELECTRIC, INC., and
V.A.L. FLOOR, INC.,

Third-Party Defendants.
_____

SKYLINE WINDOWS, LLC,

Fourth-Party Plaintiff,

v.

WINDSTRUCT, INC., and CHAMPION
WINDOW AND DOOR,

Fourth-Party Defendants,
_____

MIDWEST MECHANICAL
CONTRACTORS OF NEW JERSEY, INC.

Fourth-Party Plaintiff,

v.

STATE CONTROLS COMPANY,
NATIONAL AIR BALANCE COMPANY,
INC., J&J LIMITED, and INDEPENDENT

A-3502-18T3

SHEET METAL CO.,

   Fourth-Party Defendants.

_____

   Argued telephonically September 15, 2020 –
   Decided October 2, 2020

   Before Judges Fisher, Moynihan and Gummer.

   On appeal from the Superior Court of New Jersey, Law
   Division, Hudson County, Docket No. L-4994-13.

   John Randy Sawyer argued the cause for appellant
   (Stark & Stark, attorneys; John Randy Sawyer, of
   counsel and on the briefs).

   Petar Kuridza argued the cause for respondent Israel
   Berger and Associates (Lewis Brisbois Bisgaard &
   Smith, LLP, attorneys; Meredith Kaplan Stoma and
   Petar Kuridza, of counsel and on the brief; Elise
   Dinolfo Shamosh, on the brief).

   Brian M. Murphy argued the cause for respondent
   Windstruct, Inc. (Norton, Murphy, Sheehy & Corrubia,
   P.C., attorneys; Brian M. Murphy, of counsel and on
   the brief; Kelly P. Corrubia, on the brief).

   Russell S. Massey argued the cause for respondents
   Champion Aluminum Corporation and NGU, Inc.
   (Wright & O'Donnell, attorneys; Russell S. Massey, on
   the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, we consider a condominium association's standing to sue defendants alleged to have been involved in the design, manufacture, and installation of the condominium's windows. The motion judge found the association lacked standing because the master deed declares without ambiguity that the windows are part of the units. We agree with that understanding of the master deed and the limits it places on the association's window claims, but we also recognize that any claim against these defendants based on allegations that their actions altered the buildings' exterior appearance in a way that violated a historic preservation easement could be asserted. The association is bound by the easement and would have a sufficient stake in that claim's outcome. Additionally, we reject the motion judge's finding that the association was limited to suing only the unit owners for damages caused to the common elements; that determination is inconsistent with the nature of the association's relationship to the common elements and to the unit owners.

From 1928 until 2003, Jersey City Medical Center conducted business in eleven registered historic landmark buildings spread across thirteen acres in downtown Jersey City. In 2005, defendant Baldwin Assets Associates Urban Renewal Company, LLC, purchased the property to develop a large residential and commercial project known as The Beacon Community. The first phase was

the Rialto-Capitol Condominium, which consisted of two adjacent, connected buildings: the Rialto Building, a twenty-two story structure, designed to house 164 residential condominium units, and the Capitol Building, a twenty-one story structure designed to contain 151 residential condominium units.

Baldwin formed Rialto-Capitol Condominium Association, Inc. (the association) to administer, manage and operate the common elements of the Rialto-Capitol Condominium. When seventy-five percent of the units were sold, Baldwin turned over control of the association to a unit-owner controlled board of trustees.

Sometime after the unit-owner board assumed control, the association retained Berman & Wright Architecture, Engineering & Planning, LLC, to investigate the condition of the common elements. That investigation led to Berman & Wright's determination that water was seeping into the building and that the windows were a cause of this infiltration; Berman & Wright opined the windows were improperly installed or were themselves defectively designed and manufactured.

The association filed this suit in October 2013 for relief based on the alleged negligence in the design, repair and construction of the buildings. In March 2016, defendant Skyline Windows, Inc., which was alleged to have

contracted with Baldwin to install the windows, moved for summary judgment, asserting that the association did not have standing to pursue its window claims because the master deed declares that windows are the property of the unit owners. Other defendants, including Israel Berger and Associates, Windstruct, Inc., Champion Aluminum Corporation, and NGU, Incorporated (all, including Skyline, referred to collectively as the window defendants) joined in the motion. In opposition, the association argued it had standing because a historic easement applicable to the two buildings imposed responsibility for the maintenance of the windows on the association, and – even if it lacked standing to pursue claims for the windows themselves or damage to the units – the association had standing to assert claims for damage caused to the common elements by the window defendants' acts or omissions.

In May 2016, the judge first determined that the association lacked standing because the windows belonged to the unit owners. The judge then held that the association could not assert a claim for damages to the common elements against these defendants and that the association's only recourse was to sue the unit owners for damages to the common elements. The association's reconsideration motion was denied.

After the disposition of these motions and the disposition of the remaining claims – the last of which was resolved in September 2018 – the association filed this appeal, reprising for our consideration its arguments about standing. The association argues in its first point that its claims against the window defendants should not have been dismissed for lack of standing "because the condominium's master deed and the requirements of a historic preservation easement . . . impose[] responsibility to maintain the windows on the association." In its second and last point, the association argues that the judge erroneously dismissed the association's claims for damage "caused by the windows to the common elements." We agree with the motion judge that the association lacked standing to assert its claims to the extent the association sought replacement of windows due to damages to the units themselves, but we do not foreclose the assertion of a claim against these defendants that their alleged acts or omissions caused a violation of the historic preservation easement. We also reverse that part of the order under review that encompassed the judge's ruling that the association lacked standing to sue the window defendants for damages caused to the common elements.

The law is well settled that unit owners have standing to bring claims for damages to their units, including the units' contents or those fixed items that

form part of the units, while the association has standing to pursue a claim for damages caused to the common elements.  See Siller v. Hartz Mountain Assocs., 93 N.J. 370, 378 (1983); Belmont Condo. Ass'n, Inc. v. Geibel, 432 N.J. Super. 52, 85 (App. Div. 2013).  Difficulties in applying this distinction usually arise from uncertainty about what is part of the unit and what is part of the common elements.  There is no such problem here.

The master deed defines what constitutes a "unit" through a listing of items that includes, among other things, "interior and exterior windows."  As a result, we agree with the motion judge that there is no doubt about who has standing to sue for unit damages arising from the design or defect of the windows or their installation.  That claim belongs to the unit owners of the particular windows in question.[1]

The debate about standing here presents only one hiccup:  the impact of the historic preservation easement.  The master deed declares in part that the buildings "have been included on the National Register of Historic Places and

---

[1] We agree with the association that standing to sue is not bound solely to the question of ownership; it may also arise from an association's obligation to maintain, repair or replace the allegedly defective or nonconforming item. Siller, 93 N.J. at 380.  But, as for the windows, we find no such duty imposed on the association by the governing documents, other than that which may arise from the historic preservation easement, which we discuss separately.

on the New Jersey Register of Historic Places"; the New Jersey Historic Preservation Office agreed to the development subject to a historic preservation easement that "cover[s] certain protected features" like "the exteriors of the [b]uildings." The section of the master deed that supports the motion judge's determination that the windows are part of the units also provides an exception to what the unit contains and binds the association to the historic preservation easement, which protects "all surfaces that are of historic significance." The association argues that the exterior windows are part of the "surface" of the buildings and that the obligation imposed by the easement gave the association a "sufficient stake" to allow it standing to sue to protect and vindicate its promise to maintain the outward appearance of the buildings. See In re Adoption of Baby T., 160 N.J. 332, 340 (1999); Crescent Park Tenants Ass'n v. Realty Eq. Corp., 58 N.J. 98, 107 (1971). So, while the windows are undeniably part of the unit, one aspect of the windows – their exterior appearance – was subject to an easement to which the association was bound, and, in being so bound, would have standing to sue a wrongdoer in order to stay in compliance.

Having said that, it is not entirely clear from a review of the record on appeal that the association asserted a claim against defendants for having provided or installed windows that caused a violation of the historic preservation

A-3502-18T3

easement. That the windows may have leaked due to a design or manufacturing defect, or because of negligent or improper installation, does not necessarily mean that the exterior appearance of the windows somehow violates the easement. Because of this lack of clarity as to what the association has pleaded, we remand in part to allow the association, if it chooses, to file an amended complaint containing any such claim if, in good faith, it may be asserted against these defendants.

We add one additional comment about this particular standing issue. The record on appeal reveals that not long after the motion judge granted dismissal on the standing issue, the association sought and obtained assignments from unit owners and commenced a new suit in 2016 in its own name as assignee of unit owners. We are also told that this action was placed in abeyance pending a final disposition of the issues now before us. It would thus appear that our decision of this part of the appeal may have been mooted by the existence of the companion action. Nevertheless, we have decided, for expedience's sake, not to inquire further or to question whether this part of the appeal has been rendered moot by the existence and, now, likely reanimation of the companion action.

In lastly turning to the question of whether the association had standing to sue for damages caused to common elements by any of the acts or omissions of

the window defendants, we agree with the association that it was not limited to sue only the unit owners for those alleged damages. Indeed, of those defendants who have argued to us that this claim was correctly dismissed, the only authority offered in support is Ellenheath Condo. Ass'n, Inc. v. Pearlman, 294 N.J. Super. 381 (App. Div. 1996), which we find entirely inapposite. In that case, a condominium association sued the owners of a unit for the costs expended by the association in remediating a spill from a leaky underground storage tank that was located in front of the defendants' unit and which serviced that unit's heating needs. Id. at 382-84. The trial court ordered the unit owners to reimburse the association, id. at 384, and we affirmed, agreeing that the factual record demonstrated the tank was not a common element but part of the defendants' unit, id. at 385-86. We did not then hold either expressly or by implication that when common elements are damaged by the manufacture, design or installation of a component of the unit, the association may sue only the unit owner for the damage to the common areas.

We find nothing in the applicable statutes, the documents that govern this condominium, or our case law, to suggest the existence of a rule that would deliberately pit the association against unit owners when damage to the common elements was caused by an act or omission of some third party. Moreover, such

12

a holding offers no practicable benefit for any of the interested parties or the efficient administration of justice. If, for some reason, we were ensorcelled by defendants' argument and concluded that an association could sue only the unit owners whose windows caused damage to the common elements, it is rather obvious that those unit owners would then commence third-party actions against the allegedly responsible third parties and utilize whatever evidence their association had marshaled. We decline to adopt a rule that would, with no clear salutary benefit, unduly complicate the condominium jurisprudence in this State and create an unnecessary adversarial relationship between unit owner and association, particularly when the association's board owes its unit owners a fiduciary duty in this regard. See Siller, 93 N.J. at 382; Kim v. Flagship Condo. Owners Ass'n, 327 N.J. Super. 544, 550 (App. Div. 2000). If, as our Supreme Court has held, an association "may sue to protect the rights and interests of the unit owners in the common elements," Siller, 93 N.J. at 380 (emphasis added), why would the interests of justice, see Crescent Park, 58 N.J. at 109 (recognizing that determinations about the pursuit of litigation through an association of similarly situated dwellers are guided by "policy consideration[s]" and a "consideration of justice"), require a holding that the association may sue only the same unit owners whose "interests . . . in the common elements" it seeks to

A-3502-18T3

protect or vindicate? We reject the argument that the association's claim for damages to the common elements could be pursued only against the unit owners. The association's fiduciary obligation to the unit owners required their pursuit of relief <u>for</u> the unit owners not <u>from</u> them.

Affirmed in part, reversed in part, and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3502-18T3